UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARGILL, INCORPORATED, CARGILL INTERNATIONAL SA, AMLIN CORPORATE INSURANCE, CHARTIS EUROPE, HDI-GERLING NV, MINNETONKA INSURANCE, and TOKIO MARINE & NICHIDO FIRE, for and on behalf of all Subscribing Cargo Insurers, and THE STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION (BERMUDA) LIMITED<br><br>     **Plaintiffs**<br><br>**VERSUS**<br><br>DEGESCH AMERICAS, INC., DETIA DEGESCH GMBH and D & D HOLDINGS, INC.<br><br>     **Defendants** | CIVIL ACTION NO. |

<u>**COMPLAINT**</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COME** plaintiffs, Cargill, Incorporated, Cargill International SA, Amlin Corporate Insurance, Chartis Europe, HDI-Gerling NV, Minnetonka Insurance Company, Tokio Marine & Nichido Fire, and The Steamship Mutual Underwriting Association (Bermuda) Limited, through undersigned counsel, and for their complaint against Degesch Americas, Inc., Detia Degesch Gmbh and D & D Holdings, Inc., aver:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based on 28 U.S.C. §1333.

2.

In the alternative, this Honorable Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §1332, by virtue of this action being between citizens of different States, or between citizens of a State and citizens of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.

At all material times, plaintiff Cargill, Incorporated (hereafter, "Cargill") was and still is a corporation organized pursuant to the laws of the state of Delaware, with its principal office in Wayzata, Minnesota and was the owner, seller, shipper and/or successor in title to a consignment of 59,691.878 metric tons of US No. 2 Yellow Corn loaded aboard the M/V MARIA V at its Westwego Export Elevator as more fully described below.

4.

At all material times, plaintiff Cargill International SA (hereafter, "CISA") was and still is a corporation organized pursuant to the laws of a foreign state, with its principal office in Geneva, Switzerland and was the owner, buyer, consignee and/or successor in title to the consignment of 59,691.878 metric tons of US No. 2 Yellow Corn loaded aboard the M/V MARIA V at the Westwego Export Elevator as more fully described below.

5.

Plaintiffs Amlin Corporate Insurance, Chartis Europe, HDI-Gerling NV, Minnetonka Insurance Company, Tokio Marine & Nichido Fire, and Subscribing Insurers (hereafter, "Amlin") were, and are, insurance underwriters and/or companies organized and existing pursuant to the laws of a foreign state or states, and were the insurers of the cargo of U.S. Yellow Corn in bulk that was shipped on board the M/V MARIA V as more fully described below.  Amlin brings this action for and on behalf of all subscribing insurers who participated in the insurance risk on the subject cargo, as their interests may ultimately appear.

6.

Plaintiff The Steamship Mutual Underwriting Association (Bermuda) Limited (hereafter, "Steamship") was, and is, an insurance protection and indemnity association, underwriter, insurer and/or company organized and existing pursuant to the laws of a foreign state, and was the charterer's legal liability insurer of Cargill and CISA.

7.

At all material times, defendant Degesch Americas, Inc. was, and still is, a corporation or other legal entity organized and existing pursuant to the laws of a state of the United States, and was in the business of manufacturing fumigants for use and application on ocean-going vessels in commerce on the navigable waters of the United States, and was in the business of applying the said fumigants to cargoes of grain loaded aboard ocean-going vessels in commerce on the navigable waters of the United States.

8.

At all material times, defendant Detia Degesch GMBH (hereafter, "Detia Degesch") was, and still is, a corporation or other legal entity organized and existing pursuant to the laws of a foreign state, and was in the business of manufacturing fumigants for use and application on ocean-going vessels in commerce on the navigable waters of the United States, and was in the business of applying the said fumigants to cargoes of grain loaded aboard ocean-going vessels in commerce on the navigable waters of the United States.

9.

At all material times, defendant D & D Holdings, Inc. (hereafter, D & D") was, and still is, a corporation or other legal entity organized and existing pursuant to the laws of a foreign state, and was in the business of manufacturing fumigants for use and application on ocean-going vessels in commerce on the navigable waters of the United States, and was in the business of applying the said fumigants to cargoes of grain loaded aboard ocean-going vessels in commerce on the navigable waters of the United States.

10.

On August 19, 2010, Cargill completed loading 59,691.878 metric tons of US No. 2 Yellow Corn aboard the M/V MARIA V at its Export Grain Elevator in Westwego, Louisiana. Following the completion of the loading, defendants Degesch and/or Detia Degesch and/or D & D fumigated the grain in all seven of the vessel's cargo holds. Approximately one hour after completing the fumigation, the vessel departed the Cargill berth and proceeded down the Mississippi River heading for sea.

11.

Approximately three hours after setting sail from the Westwego Elevator, a series of explosions erupted in every cargo hold of the vessel. Within the span of two hours all seven cargo holds experienced explosions to varying degrees.

12.

Following the initial explosions, the vessel immediately sought a safe anchorage in the Mississippi River to investigate the casualty. Between August 19th and September 16th, the parties to this maritime venture investigated the cause of the explosions and explored the options for mitigating the losses from, and the consequences of, the explosions. Ultimately the vessel's classification society ordered that all the cargo must be discharged from the vessel to perform a thorough examination of the effect, if any, of the explosions on the vessel's structural integrity.

13.

During the parties' investigation into the cause of the loss and their effort to mitigate the losses resulting from the explosions, the ultimate receiver of the cargo in Syria renounced its contract

for the purchase of the corn. As a result, and in an effort to mitigate the loss, Cargill and CISA offered the grain for sale to the highest bidder at a widely publicized auction. On October 20, 2010, Cargill and CISA sold the damaged corn to the highest bidder, Theco International SA, for the sum of US $8,735,823.00.

14.

The explosions caused Cargill and CISA to sustain a loss in the value of the corn of approximately $6,600,000.00. Cargill and/or CISA also incurred lost charter hire payments in the approximate amount of $3,900,000.00, and barge hire to store the grain pending its resale, and other additional expenses caused by the explosions, in the approximate amount of $1,500,000.00. Cargill and/or CISA also have exposure to the owner of the vessel for the cost of repairing the damage to the ship caused by the explosion, stevedoring expenses to discharge the cargo to barges, barge hire, port expenses and other fees and expenses, which are alleged in the amount of US$2,323,644.15. Finally, Cargill and/or CISA have incurred, and continue to incur, attorneys' fees and costs in defending the arbitration commenced by the owner of the m/v MARIA V, which are also sought as damages against the defendants herein.

15.

Prior to the commencement of the subject voyage plaintiff Cargill and CISA purchased insurance on the cargo from Amlin, and purchased charterer's legal liability insurance from Steamship, all of which remained in full force and effect, and insured the cargo and Cargill's and CISA's charterer's liability risks for the duration of the voyage.

16.

Following the damage to the cargo on the subject voyage, plaintiffs Cargill and CISA submitted their claim for the cargo losses to Amlin in accordance with the terms of the applicable insurance policy. Amlin paid, or will pay Cargill and CISA's claim in accordance with the terms and conditions of the insurance policy, and have become, or will become, subrogated to the claim to the extent of that payment.

17.

As a result of the explosions, the owner of the M/V MARIA V has alleged claims for physical damage and extra expenses against CISA, and has instituted arbitration in London against CISA in furtherance of those claims. CISA tendered its defense of the ship owner's London arbitration to Degesch, which Degesch rejected. Cargill, CISA and Steamship pray herein for full indemnity and reimbursement from defendants of all charter hire payments paid or to be paid to the vessel's owner, and all losses, costs and expenses associated with any potential liability that CISA and/or Cargill and/or Steamship may have to the owner of the M/V MARIA V, including all costs of defending the London arbitration.

**FIRST CAUSE OF ACTION**

18.

The damages resulting from the explosions aboard the M/V MARIA V were not caused by any act or omission of plaintiffs or those for whom plaintiffs may be responsible, but instead were caused by the fault, negligence and/or breach of duty of the defendants in the manufacture and/or application of the fumigant aboard the M/V MARIA V.

## SECOND CAUSE OF ACTION

19.

The damages suffered by the plaintiffs as a result of the explosions aboard the M/V MARIA V were not caused by any act or omission of plaintiffs or those for whom they may be responsible, but instead was caused by the negligent misrepresentation of the defendants and/or the fraudulently made statements made by the defendants, in falsely representing and intentionally misleading Cargill and CISA as to the manner in which defendants performed the fumigation aboard the M/V MARIA V.

## THIRD CAUSE OF ACTION

20.

The damages resulting from the explosions aboard the M/V MARIA V were not caused by any act or omission of plaintiffs or those for whom plaintiffs may be responsible, but instead were caused by the breach of contract or warranty by the defendants.

## FOURTH CAUSE OF ACTION

21.

Defendants conduct in the application of the fumigant and its fraudulent certification of the fumigation method constituted a violation of the Louisiana Unfair Trade Practices and Consumer Protection Act, La.Rev.Stat.Ann. 51:1401 et seq., entitling plaintiffs to the recovery of attorneys' fees in this action.

## **AS TO ALL CAUSES OF ACTION**

22.

Prior to the commencement of this action, Cargill and/or CISA and/or Amlin and/or Steamship became the owner of the claims for damage and indemnity asserted herein, and bring this action on behalf of, and for the interest of, all parties who are, were, or may become, interested in the claims as their respective interest may ultimately appear.

23.

All and singular, the maters alleged are true and the correct.

24.

Plaintiffs reserve the right to amend and supplement this complaint as further facts become available.

**WHEREFORE**, plaintiffs pray that:

1) Process in due form of law issue against defendants Degesch Americas, Inc., Detia Degesch Gmbh and D & D Holdings, Inc., citing them to appear and answer this Complaint;

2) That after due proceedings are conducted, judgment be entered in favor of plaintiffs and against defendants for all sums shown to be due and owing at trial, together with interest and costs, including attorneys' fees.

3)      That plaintiffs be awarded such other relief as it may be entitled to receive.

Respectfully submitted,

*/s/ John F. Fay, Jr.*
John F. Fay, Jr. (La. Bar #1870), T.A.
*jfay@faynelsonfay.com*
Craig R. Nelson (La. Bar Roll #8755)
*nelsonfay@cox.net*
Christina P. Fay (La. Bar #1869)
*cpfay@faynelsonfay.com*
FAY, NELSON & FAY, LLC
Energy Centre
1100 Poydras St., Suite 2900
New Orleans, Louisiana 70163
Tel: (504) 799-2252
Fax: (504) 383-8920
*Attorneys for Cargill, Incorporated, Cargill International SA, Amlin Corporate Insurance, Chartis Europe, HDI-Gerling NV, Minnetonka Insurance Company, Tokio Marine & Nichido Fire, and The Steamship Mutual Underwriting Association (Bermuda) Limited*

**PLEASE ISSUE SUMMONSES AND COMPLAINT TO:**

**DEGESCH AMERICAS, INC.**
**Through its Agent for Service of Process:**
**C T CORPORATION SYSTEM**
**5615 CORPORATE BLVD., STE. 400B**
**BATON ROUGE, LA 70808**

**D & D HOLDINGS, INC.**
**153 TRIANGLE DRIVE**
**WEYERS CAVE, VA 24486**

**DETIA DEGESCH GMBH**
**DR. WERNER FREYBERG, STR. 11**
**D-69514 LAUDENBACH**
**GERMANY**