## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARGILL, INCORPORATED, CARGILL INTERNATIONAL SA, AMLIN CORPORATE INSURANCE, CHARTIS EUROPE, HDIGERLING NV, MINNETONKA INSURANCE, and TOKIO MARINE & NICHIDO FIRE, for and on behalf of all Subscribing Cargo Insurers, and THE STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION (BERMUDA) LIMITED | CIVIL ACTION NO. 11-CV-02036 <br><br> SECTION: "R" <br><br> MAG: (4) |
| **Plaintiffs** | |
| VERSUS | |
| DEGESCH AMERICAS, INC., DETIA DEGESCH GMBH and D & D HOLDINGS, INC. | |
| **Defendants** | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEGESCH AMERICA, INC. AND D&D HOLDINGS, INC. TO PLAINTIFFS' AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come defendants, Degesch America, Inc. and D&D Holdings, Inc. (collectively "Defendants")[1], and without waiving their previously filed motion to dismiss the Fraud (Count 2), Unfair Trade (Count 4) and Products Liability (Count 5) claims of the Amended Complaint file this Answer and Affirmative Defenses to the Amended Complaint (Doc. 11-1) of Cargill Incorporated, Cargill International SA, Amlin Corporate Insurance, Chartis Europe, HDI-Gerling NV, Minnetonka Insurance Company, Tokio

---

[1] The remaining defendant, Detia Degesch GMBH, has not been served and counsel is not entering an appearance for that defendant at this time.

Marine & Nichido Fire, and The Steamship Mutual Underwriting Association (Bermuda) Limited (collectively, "Plaintiffs"), on information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants aver that no conduct of it or of anyone for whom it was responsible was the cause-in-fact or proximate cause of any damage alleged by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, were caused exclusively by their own negligence, which negligence is pled as a complete bar to, or in diminution of, any recovery by Plaintiffs herein.

## FOURTH AFFIRMATIVE DEFENSE

At all times material hereto, Defendants acted reasonably and prudently under the circumstances and complied with all applicable state and federal laws and regulations.

## FIFTH AFFIRMATIVE DEFENSE

At no time did Defendants consciously desire that any harm befall Plaintiffs or know or have reason to know that any alleged act or omission was likely to cause any harm to them (which is denied).

## SIXTH AFFIRMATIVE DEFENSE

Defendants deny any breach of obligations or duties or any negligence on its part.

## SEVENTH AFFIRMATIVE DEFENSE

The allegations of the Amended Complaint are insufficient to establish legally viable claims against Defendants for fraud, negligent misrepresentation, violation of the Louisiana Unfair Trade Practices Act ("LUTPA") or product liability claims.

## EIGHTH AFFIRMATIVE DEFENSE

The cause of the explosion, or a contributing cause to it, was the fault, carelessness, misconduct, negligence, misuse, and/or want of due care on the part of third parties or others for whom Defendants are not responsible, which acts or omissions serve as a complete bar to, or in diminution of, any recovery by Plaintiffs against Defendants.

## NINTH AFFIRMATIVE DEFENSE

Defendants aver that the explosion and Plaintiffs' alleged resulting damages, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening, intentional and/or superseding causes for which Defendants are not legally responsible.

## TENTH AFFIRMATIVE DEFENSE

In the alternative, Defendants aver that the injuries and damages claimed by Plaintiffs were the result of remote and unforeseeable causes and were unavoidable.

## ELEVENTHAFFIRMATIVE DEFENSE

Defendants deny that they are a formulator, manufacturer, producer, distributor, seller, inspector, tester or supplier of any product that caused or is in any way related to Plaintiffs' alleged injuries.

## TWELFTH AFFIRMATIVE DEFENSE

In the alternative, any product that may have been formulated, manufactured, produced, distributed, sold, inspected, tested, or supplied by Defendants (which is denied) was, in all

respects, suitable for its intended purposes and safe for use and without any defect in construction, composition, design, or manufacture and was not capable of producing or causing and did not produce or cause the alleged explosions and/or the resulting damages alleged by Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to and/or breached their duty to mitigate damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

In the event Defendants are found liable, which is denied, Defendants claim that they are entitled to a set-off, reduction or credit for a pro-rata virile share and/or percentage of fault of each of the parties whose negligence or strict liability are shown to have caused or contributed to the Plaintiffs' damages, particularly those parties which whom Plaintiffs may have settled.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants deny that they have violated any provisions or regulations of the U.S. Environmental Protection Agency, U.S. Coast Guard, Federal Grain Inspection Service, or any applicable federal, state or local law or regulation.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants deny that they are in breach of any contracts with any Plaintiffs and/or have any contractual liability unto Plaintiffs and if Defendants are found to have breached any contract with any Plaintiff, said Plaintiffs breached such contract first, negating any further contractual obligation by the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants deny that any practice in trade or commerce proximately caused the damages Plaintiffs allege herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants deny that they have interfered with navigation or adversely affected intrastate commerce navigation.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants aver that any work performed was in full compliance with all applicable federal and state regulations and that this compliance bars Plaintiffs' maritime claims, and/or was in accordance with any contracts or work orders pertaining to such work.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants aver that the "state-of-the-art" defense is applicable to all of the Plaintiffs' claims and allegations for the reason that the alleged hazards were neither known nor reasonably discoverable on the date of the research and scientific information available at such time, and that Defendants acted reasonably, prudently and at times compliant with all applicable state and federal regulations, permits, and industry custom and practice.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint, as amended, are time barred by prescription, preemption, or laches.

## ANSWER

AND NOW, for answer to the individual allegations of the Amended Complaint, Defendants answer on information and belief as follows:

1.

The allegations of Paragraph 1 of the Amended Complaint state a legal conclusion to which no response is required on the part of Defendants; however, to the extent this Honorable

Court requires answer thereto, Defendants deny the allegation for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

2.

The allegations of Paragraph 2 of the Amended Complaint state a legal conclusion to which no response is required on the part of Defendants; however, to the extent this Honorable Court requires answer thereto, Defendants deny the allegation for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

3.

Defendants deny the allegations of Paragraph 3 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof, except to admit that upon information and belief Cargill, Incorporated is a Delaware Corporation with a principal place of business in Minnesota.

4.

Defendants deny the allegations of Paragraph 4 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof, except to admit that upon information and belief Cargill International, S.A. is a foreign corporation with principal place of business in Geneva, Switzerland.

5.

Defendants deny the allegations of Paragraph 5 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

6.

Defendants deny the allegations of Paragraph 6 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

7.

Defendants deny the allegations of Paragraph 7 of the Amended Complaint, except to admit that Degesch America, Inc. is a corporation existing under the law of a state of the United State, and that Degesch is in the business of applying fumigants to cargoes of grain loaded ocean going vessels.

8.

The allegations of Paragraph 8 of the Amended Complaint do not pertain to Defendants and do not require a response of Defendants. However, out of an abundance of caution, Defendants deny the allegations of Paragraph 8 for lack of sufficient information to justify a belief as to the truth thereof.

9.

Defendants deny the allegations of Paragraph 9 of the Amended Complaint, except to admit that D&D, Inc. is a corporation or legal entity.

10.

Defendants deny the allegations of Paragraph 10 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

11.

Defendants deny the truth of the allegations of Paragraph 11 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

12.

Defendants deny the allegations of Paragraph 12. Defendants further aver that the contracts alleged are the best evidence of their contents.

13.

Defendants deny the allegations of Paragraph 13 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof, except to admit that Degesch America, Inc. fumigated grain in the M/V MARIA V's cargo holds on or about August 19, 2010.

14.

Defendants deny the allegations of Paragraph 14, except to admit that documents were issued to the M/V Maria V's officer in charge and/or crew relating to the fumigation of the M/V MARIA V's cargo holds. Defendants further aver that the documents alleged are the best evidence of their contents.

15.

To the extent the allegations of Paragraph 15 of the Amended Complaint pertain to Defendants, the allegations are denied. To the extent the allegations of Paragraph 15 pertain to other parties, Defendants deny for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

16.

Defendants deny the allegations of Paragraph 16 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

17.

Defendants deny the allegations of Paragraph 17 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

18.

To the extent the allegations of Paragraph 18 of the Amended Complaint pertain to Defendants, the allegations are denied. To the extent the allegations of Paragraph 18 pertain to other parties, Defendants deny the allegations for lack of information or knowledge sufficient to justify a belief as to the truth thereof. To the extent the allegations of Paragraph 18 state a legal conclusion, no response is required of Defendants; however, out of an abundance of caution, the allegation is denied.

19.

Defendants deny the allegations of Paragraph 19 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

20.

Defendants deny the allegations of Paragraph 20 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

21.

Defendants deny the allegations of Paragraph 21 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

22.

Defendants deny the allegations of Paragraph 22 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

23.

Defendants deny the allegations of Paragraph 23 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

24.

To the extent the allegations of Paragraph 24 of the Amended Complaint pertain to Defendants, the allegations are denied, except to admit that Defendants rejected the tender of defense by Plaintiffs. To the extent the allegations of Paragraph 24 pertain to other parties, Defendants deny the allegations for lack of information or knowledge sufficient to justify a belief as to the truth thereof. To the extent the allegations of Paragraph 24 state a legal conclusion, no response is required of Defendants; however, out of an abundance of caution, the allegations are denied.

25.

The allegations of Paragraph 25 of the Amended Complaint, including all subparts, are denied.

26.

The allegations of Paragraph 26 of the Amended Complaint, including all subparts, are denied.

27.

To the extent the allegations of Paragraph 27 of the Amended Complaint pertain to Defendants, the allegations are denied. To the extent the allegations of Paragraph 27 pertain to other parties, the allegations are denied for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

28.

The allegations of Paragraph 28 of the Amended Complaint, including all subparts, are denied.

29.

To the extent the allegations of Paragraph 29 of the Amended Complaint pertain to Defendants, the allegations are denied. To the extent the allegations of Paragraph 29 state a legal conclusion, no response is required of Defendants; however, out of an abundance of caution, the allegations are denied.

30.

The allegations of Paragraph 30 of the Amended Complaint contain legal conclusions which require no response by Defendants.

31.

The allegations of Paragraph 31 of the Amended Complaint, including all subparts, are denied.

32.

The allegations of Paragraph 32 of the Amended Complaint are denied.

33.

The allegations of Paragraph 33 of the Amended Complaint are denied.

34.

The allegations of Paragraph 34 of the Amended Complaint are denied.

35.

The allegations of Paragraph 35 of the Amended Complaint are denied.

36.

The allegations of Paragraph 36 of the Amended Complaint contain legal conclusions which require no response by Defendants. However, to the extent that a response is required, Defendants deny the allegations of Paragraph 36 of the Amended Complaint.

37.

Defendants deny the allegations of Paragraph 37 of the Amended Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

38.

The allegations of Paragraph 38 of the Amended Complaint are denied.

39.

The allegations of Paragraph 39 of the Amended Complaint require no response by Defendants; however, to the extent that a response is required, Defendants deny the allegations of Paragraph 39.

40.

The allegations contained in the prayer for relief, including all subparts, are denied.

**WHEREFORE**, Defendants, Degesch America, Inc. and D&D Holdings, Inc., pray that these affirmative defenses and this answer to Plaintiff's Amended Complaint be deemed good and sufficient, and that after due proceedings judgment be rendered herein in their favor and against Plaintiffs, dismissing the claims and demands asserted by the Plaintiffs herein, with prejudice, at the cost of Plaintiff and for all general and equitable relief.

Respectfully submitted:


/s/ Henry A. King
**HENRY A. KING (La. Bar # 7393)**
**MICHAEL L. VINCENZO (La. Bar #23965)**
**KING, KREBS & JURGENS P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233

*Attorneys for Degesch America, Inc. and D&D Holdings,*
*Inc.*
and


/s/ C. Michael DeCamps
**C. MICHAEL DECAMPS (Va. Bar # 15066)**
**DOUGLAS A WINEDARDNER (Va. Bar #46570)**
**SANDS ANDERSON, P.C.**
1111 East Main Street
Richmond, Virginia 23218
Telephone: (804) 648-1639
Facsimile: (804) 783-7291

*Attorneys for Degesch America, Inc. and D&D Holdings,*
*Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2011, the foregoing pleading was filed electronically

with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel

of record registered to receive electronic service by operation of the court's electronic filing

system.


/s/ Henry A. King